1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*__E-FILED - 2/15/11__*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO MERINO, | ) | No. C 10-5393 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| MAGUIRE COUNTY JAIL MEDICAL | ) | |
| STAFF, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

        Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.
Plaintiff has been granted leave to proceed in forma pauperis in a separate written order.  The
court will DISMISS the instant complaint with leave to amend.

**DISCUSSION**

A.        Standard of Review

        Federal courts must engage in a preliminary screening of cases in which prisoners
seek redress from a governmental entity or officer or employee of a governmental entity.  28
U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any
claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).
Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901

1   F.2d 696, 699 (9th Cir. 1988).

2        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

3   elements:  (1) that a right secured by the Constitution or laws of the United States was violated,

4   and (2) that the alleged deprivation was committed by a person acting under the color of state

5   law.  West v. Atkins, 487 U.S. 42, 48 (1988).  In determining whether a complaint states a claim,

6   the court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule

7   8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader

8   is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does

9   not require 'detailed factual allegations,' but it demands more than an unadorned,

10   the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

11   (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

12   B.   Plaintiff's Claims

13        According to the complaint, plaintiff has had injuries in his right foot, knee, and lower

14   back for over a year from degenerative disk disease.  He claims that he has been looking for

15   medical assistance for months at the jail where he is currently housed and has not received any

16   from the medical staff.

17        In its current form, plaintiff's complaint does not state a cognizable claim for relief.  It

18   appears that he is trying to allege that defendants were deliberately indifferent to his medical

19   needs, but he fails to support this claim with sufficient facts.  A determination of "deliberate

20   indifference" involves an examination of two elements: the seriousness of the prisoner's medical

21   need and the nature of the defendant's response to that need.  See McGuckin v. Smith, 974 F.2d

22   1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller,

23   104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A "serious" medical need exists if the failure to

24   treat a prisoner's condition could result in further significant injury or the "unnecessary and

25   wanton infliction of pain."  McGuckin, 974 F.2d at 1059.  And, a prison official is deliberately

26   indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that

27   risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

28   Plaintiff should be aware that a claim of medical malpractice or negligence is insufficient to

1   make out a violation of the Eighth Amendment.  See Toguchi v. Chung, 391 F.3d 1051, 1060-61

2   (9th Cir. 2004).

3          Because plaintiff's complaint is insufficient to state a cognizable civil rights claim, he

4   must file an amended complaint that cures the deficiencies identified in this order if he can do so

5   in good faith.  First, the amended complaint must allege facts that show constitutional violations.

6   It should describe what happened, when it happened, and how it violated his constitutional

7   rights.  Although the amended complaint need not provide every specific detail of the incident,

8   the allegations need to be more detailed than that used in the original complaint.  For example,

9   plaintiff should explain how he requested medical aid; how many times he requested medical

10  aid; what response, if any, he received; and from whom.  As the complaint currently reads, the

11  court cannot determine whether plaintiff has a cognizable claim for a deliberate indifference to a

12  serious medical need or any other constitutional violation.

13         Second, plaintiff's allegations do not show more than the mere possibility of misconduct,

14  which is not sufficient to state a claim.  Iqbal, 129 S.Ct. at 1949-50.  Plaintiff is advised that to

15  state a claim for relief under section 1983, he must link each named defendant with some

16  affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Id. at 1948.

17  Naming medical staff as defendants is insufficient to identify the individuals involved.  In

18  addition to providing factual information to show that constitutional violations occurred (as

19  discussed above), plaintiff must allege in his amended complaint who caused those constitutional

20  violations.  He should not refer to them as a group (e.g., "the defendants" or "the medical staff");

21  rather, he should identify each involved person by name and explain what each defendant did or

22  failed to do that caused a violation of his constitutional rights.  See Leer v. Murphy, 844 F.2d

23  628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if

24  plaintiff can show that defendant proximately caused deprivation of federally protected right).

25                                          **CONCLUSION**

26         For the foregoing reasons, the court hereby orders as follows:

27         1.      The complaint is DISMISSED with leave to amend.

28         2.      Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.10\Merino393dwla.wpd          3

1    this order is filed to cure the deficiencies described above if he can do so in good faith.  The

2    amended complaint must include the caption and civil case number used in this order (C 10-5393

3    RMW (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not

4    incorporate material from the prior complaint by reference.  **Failure to file an amended**

5    **complaint within thirty days and in accordance with this order will result in dismissal of**

6    **this action.**

7         3.    Plaintiff is advised that an amended complaint supersedes the original complaint.

8    "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

9    in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

10   Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.

11   Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

12        4.    It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

13   court informed of any change of address by filing a separate paper with the clerk headed "Notice

14   of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

15   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

16   of Civil Procedure 41(b).

17        IT IS SO ORDERED.

18   DATED: ___2/14/11___

19                                          RONALD M. WHYTE
                                            United States District Judge

20

21

22

23

24

25

26

27

28